UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ZHAODAN YANG,

                Plaintiff,

      v.                                  **MEMORANDUM AND ORDER**
                                                    23-CV-7756 (RPK)

ALEJANDRO N. MAYORKAS; UR M.
JADDOU, USCIS Director; LOREN K.
MILLER, USCIS NSC Director;
CHRISTOPHER A. WRAY; MERRICK B.
GARLAND,

                Defendants.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Zhaodan Yang filed this action seeking a writ of mandamus compelling defendant USCIS to issue a decision on plaintiff's Form I-601A Application for Provisional Unlawful Presence Waiver. For the reasons explained below, this case is dismissed as moot.

## BACKGROUND

      The following facts are taken from plaintiff's operative complaint and are assumed true for the purpose of this order.

      In September 2021, Plaintiff filed a Form I-601A Application for Provisional Unlawful Presence Waiver, which was predicated on the approval of a prior Form I-130 Petition for Alien Relative regarding plaintiff. Compl. ¶¶ 14–15 (Dkt. #5).* At the time plaintiff filed this lawsuit

---

* Plaintiff filed two substantially similar complaints, both dated October 18, 2024. *See* Compl. (Dkt. #1); Compl. (Dkt. #5). The Court considers the latter to be the operative complaint because it was filed while plaintiff retained the right to amend plaintiff's pleadings "once as a matter of course." Fed. R. Civ. P. 15(a)(1)(A). All citations to plaintiff's complaint refer to the operative complaint.

1

over two years later, the application remained pending at the USCIS Nebraska Service Center despite plaintiff's "numerous status inquiries with USCIS." *Id.* ¶¶ 14, 16.

In October 2023, Plaintiff filed this action under the Mandamus Act, 28 U.S.C. § 1361, Section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329, and the Administrative Procedure Act, 5 U.S.C. § 501, *et seq.*, against the following defendants: Secretary of the Department of Homeland Security Alejandro N. Mayorkas; Director of United States Citizenship and Immigration Services ("USCIS") Ur M. Jaddou; Director of USCIS Nebraska Service Center ("NSC") Loren K. Miller; Director of the Federal Bureau of Investigation Christopher A. Wray; and United States Attorney General Merrick Garland. *Id.* ¶ 12. Plaintiff's complaint requests that the Court compel defendant USCIS to issue a decision on plaintiff's Form I-601A application. *Id.* ¶¶ 1, 23–28.

Defendants initially moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, Mot. to Dismiss (Dkt. #12), and later submitted a letter arguing that the Court lacks subject-matter jurisdiction over plaintiff's claim, Defs.' Aug. 12, 2024 Ltr. (Dkt. #16).

After defendants filed their motion to dismiss, USCIS issued a decision denying plaintiff's Form I-601A application. *See* Defs.' Sept. 9, 2024 Ltr., Ex. A (Dkt. #18). Defendants accordingly submitted that the case was moot. Defs.' Sept. 9, 2024 Ltr. 1–3.

Plaintiff opposed defendants' Rule 12(b)(6) motion, Opp'n (Dkt. #11), but has not responded to defendant's submission that the case is moot. *See* Sept. 4, 2024 Order.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." "A case is properly dismissed for lack of subject matter

2

jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  When considering a motion to dismiss under Rule 12(b)(1), the court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction.  *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).  The court may also look beyond the complaint to such things as affidavits or other documents.  *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

## DISCUSSION

The Court lacks subject-matter jurisdiction over plaintiff's lawsuit because it is moot.

The judicial power of federal courts is limited to the adjudication of "Cases" and "Controversies."  U.S. Const. art. III, § 2.  Consequently, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural."  *Russman v. Bd. of Educ. of the Enlarged City Sch. Dist. of the City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001).  Where the plaintiff will have obtained the requested relief "regardless of any decision [the court] might reach on the merits of th[e] litigation, . . . the [court] cannot, consistently with the limitations of Art. III of the Constitution, consider the substantive . . . issues tendered by the parties."  *DeFunis v. Odegaard*, 416 U.S. 312, 319–20 (1974) (per curiam).

Accordingly, "[w]hen a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction." *Mahon v. Johnson*, 321 F. Supp. 3d 320, 323 (E.D.N.Y. 2018) (citing *Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996)).  Consistent with this rule, courts routinely find mandamus actions moot when the government denies the application that the petitioner sought to be adjudicated.  *See Kuai Le Chen v. Nielson*, 365 F. Supp. 3d 292, 295

(E.D.N.Y. 2019) ("Le Chen seeks to compel USCIS to take action on his I-495 Application and I-730 Petitions.  However, USCIS already did this in January 2018, when it administratively closed the I-495 Application and denied the I-730 Petitions.  Accordingly, Le Chen's claims are moot."); *Ji Hye Song v. Sessions*, No. 17-CV-1682 (NGG), 2018 WL 5084823, at *2 (E.D.N.Y. Oct. 18, 2018) ("While Plaintiff may not have received the outcome she desired from USCIS, there can be no mistaking that she received from USCIS what she sought to compel the agency to give her— an adjudication of her I-485 Application."); *see also, e.g.*, *Sadiku v. Dep't of Homeland Security*, No. 20-CV-3241 (RPK), 2022 WL 173109, at *2 (E.D.N.Y. Jan. 18, 2022); *Uddin v. U.S. Dep't of Homeland Sec.*, No. 20-CV-566 (WFK), 2021 WL 2701695, at *1 (E.D.N.Y. June 30, 2021); *Pillai v. Sessions*, No. 18-CV-1008 (EAW), 2019 WL 13217733, at *1 (W.D.N.Y. June 3, 2019); *Feng Lin v. Holder*, No. 12-CV-4245 (NGG), 2013 WL 3967296, at *2–3 (E.D.N.Y. Aug. 1, 2013).

Plaintiff requested that this Court compel defendant USCIS to issue a decision on plaintiff's Form I-601A application.  Compl. ¶¶ 1, 23–28.  Because USCIS has done just that in denying the application, Defs.' Sept. 9, 2024 Ltr., Ex. A, plaintiff's request for relief is moot.

## CONCLUSION

This case is dismissed without prejudice for lack of subject-matter jurisdiction.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

       /s/ Rachel Kovner
      RACHEL P. KOVNER
      United States District Judge

Dated: October 23, 2024
      Brooklyn, New York